<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **WELLS FARGO BANK, N.A.,**<br><br>Petitioner,<br><br>vs.<br><br>**NaQUEEN ZAIRE,**<br><br>Respondent. | **Civil Action No. 23-22327 (ES) (JSA)**<br><br><br>**REPORT & RECOMMENDATION** |

  **THIS MATTER** comes before the Court by way of Petitioner Wells Fargo Bank N.A.'s ("Petitioner" or "Wells Fargo") motion to strike (ECF No. 7) *pro se* Respondent NaQueen Zaire's ("Respondent" or "Ms. Zaire") objection and counterclaim (ECF No. 3) filed in response to Wells Fargo's Petition to Confirm the Arbitration Award; and no opposition to the motion having been filed; and the motion having been referred to the Undersigned by the Honorable Esther Salas, U.S.D.J.; and the Court having considered the matter without oral argument, pursuant to Federal Rule of Civil Procedure 78; and the Court having carefully considered the parties' respective papers; and

  **WHEREAS** on or about December 6, 2022, Ms. Zaire filed a Complaint and Demand for Arbitration against Wells Fargo arising out of a retail installment sales contract ("RISC") related to the purchase of a 2016 BMV vehicle (*see* ECF No. 7-2 at 2); and

  **WHEREAS** in December 2022, Wells Fargo initiated arbitration with the American Arbitration Association, in accordance with the terms of the RISC and the Federal Arbitration Act ("FAA") (*see* ECF No. 1, ¶ 7); and

**WHEREAS** on or about March 15, 2023, Ms. Zaire filed an Amended Complaint and Demand for Arbitration, "alleging multiple New Jersey Fraud Act violations, defamation, Fair Credit Reporting Act violations, negligence, and breach of fiduciary [sic] [herein, "Ms. Zaire's claims"]." (ECF No. 7-2 at 2); and

**WHEREAS** on or about May 12, 2023, Wells Fargo filed, before the Arbitrator, a dispositive motion, seeking dismissal of Ms. Zaire's claims, which Ms. Zaire opposed (*id.*, at 3); and

**WHEREAS** on June 14, 2023, the Arbitrator issued a final award "(1) dismissing with prejudice Ms. Zaire's claims and (2) finding Ms. Zaire shall reimburse Wells Fargo in the amount of Three Thousand Two Hundred Dollars ($3,200.00) (the "Final Award")" (*see id.*; *see also* ECF No. 1-1, Ex. B); and

**WHEREAS** on November 13, 2023, Wells Fargo commenced this Action by filing its "Notice of Motion and Application for Confirmation of Arbitration Award and Entry of Judgment," seeking to confirm the Final Award (ECF No. 1); and

**WHEREAS** on December 5, 2023,[1] Ms. Zaire filed a submission entitled "Objection to Plaintiff's Motion and Counterclaim," (ECF No. 3), which, based on this Court's review, appears to dispute what took place during the underlying arbitration in that she contends the arbitration was "manifestly unjust and unreasonable," and further disputes the Final Award (*id.* at p. 2 & (e)-(t)); and

**WHEREAS** on December 19, 2023, Wells Fargo filed the present motion to strike, contending that Ms. Zaire's objection to the Final Award is untimely and barred by the FAA's three-month statute of limitations (*see* ECF No. 7-2 at 3); and

---

[1] Ms. Zaire's filing is dated November 20, 2023. (*See* ECF No. 3 at p. 4).

**WHEREAS**, to date, Ms. Zaire has not filed opposition to Wells Fargo's motion to strike; and

**WHEREAS** under Section 12 of the FAA, "[n]otice of a motion to vacate ... an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12; and

**WHEREAS** courts within this District as well as the Third Circuit Court of Appeals have determined that the three-month deadline of Section 12 operates as a statute of limitations and the FAA "does not permit the assertion of challenges to an arbitration award in opposition to a motion to confirm the award after the three-month limitations period has expired," *Prasad v. Invs. Assocs., Inc.*, 82 F. Supp. 2d 365, 367 (D.N.J. 2000); *see also Robredo v. Metro Honda*, 689 Fed. Appx. 724, 726 & n.1 (3d Cir. 2017); *Robinson v. PNC Bank*, 2017 WL 2399082, at *2 (D.N.J. June 2, 2017) ("The statute imposes a three-month limitation period for challenging arbitration awards; after the limitation period has passed, a party can no longer challenge the arbitration award."); and

**WHEREAS** the Final Award in this case was issued on June 14, 2023. (*See* ECF No. 1-1, Ex B). Yet, even construing Ms. Zaire's objection as a challenge to Petitioner's application to confirm the Final Award, the objection was filed on December 5, 2023, nearly six months after the Final Award was delivered, and thus is untimely; and

**WHEREAS** it appearing that Ms. Zaire's objection to the Final Award is untimely,[2] it is then barred by Section 12 of the FAA, *see Prasad*, 82 F. Supp. 2d at 367; and

**WHEREAS** because Ms. Zaire has failed to timely move to vacate the Final Award, she is barred from objecting to Wells Fargo's request to confirm it, *see Fed. Ins. Co. v. Von-*

---

[2] Ms. Zaire's objection is untimely regardless of whether the Court considers the operative date to be the date of the objection (November 20, 2023) or the date the objection was filed on the official Court Docket (December 5, 2023).

*Windherburg-Corderio*, 2013 WL 6199253, at *2 (D.N.J. Nov. 27, 2013) (*pro se* defendant's failure to timely move to vacate arbitration award barred subsequent objection to confirmation of the award); *see also Prasad*, 82 F. Supp. 2d at 367-68; *Lander v. MMP Investments, Inc.*, 107 F.3d 476, 478 (7th Cir. 1997) ("Under the Act, if you fail to move to vacate an arbitration award you forfeit the right to oppose confirmation (enforcement) of the award if sought later by the other party); and

**WHEREAS** the Court notes that, despite labeling her filing as an "Objection . . . and Counterclaim," Ms. Zaire does not submit a pleading setting forth any allegations that could plausibly support a cognizable counterclaim and she has not alleged any claims that would not otherwise by barred by the Arbitration Agreement and Final Award, *see Fed. Ins. Co.*, 2013 WL 6199253, at *3 (dismissing counterclaim as barred by arbitration agreement); and

for good cause shown;

**IT IS on this 12th day of August 2024,**

**RESPECTFULLY RECOMMENDED** that, Wells Fargo's motion to strike, (ECF No. 7), be **GRANTED**.

The parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and L. Civ. R. 72.1(c)(2), they may file any objections to this Report and Recommendation within fourteen (14) days after service of a copy thereof.

The Clerk of the Court is directed to serve a copy of this Report and Recommendation on Respondent by certified mail, return receipt requested, and by regular U.S. mail.

s/Jessica S. Allen  
**Hon. Jessica S. Allen**  
**United States Magistrate Judge**

cc: Hon. Esther Salas, U.S.D.J.