**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

September 11, 2024

**LETTER ORDER**

Re: *Wells Fargo Bank, N.A. v. NaQueen Zaire, et al.*,
 Civil Action No. 23-22327 (ES) (JSA)

Dear Parties:

On November 13, 2023, plaintiff Wells Fargo Bank, N.A. ("Plaintiff") filed a petition to confirm an arbitration award and entry of judgment against respondent NaQueen Zaire ("Respondent") in the amount of $3,200.00. (D.E. No. 1 ("Compl.") at 3). The parties' dispute arose following Respondent's purchase of a used car from New Jersey Used Car Center on or about December 6, 2019, which involved Respondent entering a Retail Installment Sales Contract ("RISC"). (*Id.* at ¶ 5). The RISC included a provision requiring all disputes to be governed by arbitration. (*Id.* at ¶ 6, citing Ex. A to Compl.). On June 12, 2023, following arbitration of the parties' disputes, a final award issued in favor of Plaintiff. (*Id.*, Ex. B at 7 ("Final Award")).

On December 5, 2023, in the instant matter, Respondent filed a *pro se* "objection to plaintiff's motion and counterclaim," which appears to dispute the events that occurred in the arbitration proceedings, including Plaintiff's Final Award. (D.E. No. 3 ("Objection and Counterclaim")). On December 13, 2023, Plaintiff moved to strike Respondent's Objection and Counterclaim, which Respondent never opposed. (D.E. No. 7). Plaintiff maintained that Respondent's objection to the Final Award was untimely and barred by the Federal Arbitration Act's three-month statute of limitations. (D.E. No. 7-2 at 3).

On August 12, 2024, the Honorable Jessica S. Allen, U.S.M.J., issued a Report and Recommendation that the Undersigned grant Plaintiff's unopposed motion to strike based on statute of limitations grounds and Respondent's failure to timely vacate the Final Award. (D.E. No. 14 ("R&R") at 3–4 (citing 9 U.S.C. § 12 and collecting cases)). In addition, Judge Allen found that Respondent did not submit a pleading with any allegations in support of a purported "counterclaim" in her filing. (*Id.* at 4; *see also* D.E. No. 3). The parties had fourteen days to file and serve any objections to Magistrate Judge Allen's Report and Recommendation pursuant to Local Civil Rule 72.1(c)(2). To date, neither party has filed any objections.

"[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's

Notes).  Here, the Court independently reviewed the record and the R&R and found no clear error on the face of the record.  Thus, having reviewed the parties' submissions and Magistrate Judge Allen's Report and Recommendation, and for the reasons stated therein,

IT IS on this 11th day of September 2024,

**ORDERED** that this Court **ADOPTS** Magistrate Judge Allen's Report and Recommendation (D.E. No. 14) in full, as the Opinion of this Court; and it is further

**ORDERED** that Plaintiff's motion to strike (D.E. No. 7) is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall **TERMINATE** docket entry numbers 7 and 14; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Letter Order on Respondent by regular U.S. mail.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**