Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WELLS FARGO BANK, N.A.,**<br><br>Plaintiff,<br><br>v.<br><br>**NAQUEEN ZAIRE,**<br><br>Defendant. | Civil Action No.: 23-22327 (ES) (JSA)<br><br>ORDER TO SHOW CAUSE |

**SALAS, DISTRICT JUDGE**

**THIS MATTER** comes before the Court upon two motions from *pro se* defendant NaQueen Zaire ("Defendant") styled as a motion for summary judgment (D.E. No. 9) and a motion "to vacate default judgment and request for reconsideration" (D.E. No. 17), as well as plaintiff Wells Fargo Bank, N.A.'s ("Plaintiff") cross-motion for summary judgment and confirmation of an arbitration award (D.E. No. 11). Plaintiff also opposed Defendant's motion "to vacate default judgment and request for reconsideration." (D.E. No. 18).

**WHEREAS** on November 11, 2023, Plaintiff initiated this action as a petition for confirmation of an arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, on the basis of federal question jurisdiction (D.E. No. 1-1 (civil cover sheet)); and

**WHEREAS** Plaintiff maintains "[t]his Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 because the claims include alleged violations of the Fair Credit Reporting Act and the Truth in Lending Act" (D.E. No. 1 ("Pet.") ¶ 3); and

**WHEREAS** Plaintiff is a corporation with its principal place of business in the State of South Dakota (Pet. ¶ 1); and

**WHEREAS** Defendant is a citizen of the State of New Jersey (Pet. ¶ 4); and

**WHEREAS** the sole issue presented by the petition is confirmation of an arbitration award in Plaintiff's favor in the amount of $3,200 pursuant to 9 U.S.C. § 9 of the FAA (Pet. at 3; *see also* D.E. No. 11-1 at 2–3); and

**WHEREAS** the Court construes *pro se* Defendant's "motion to vacate default judgment" as a motion to vacate the arbitration award pursuant to Section 10 of the FAA, *see* 9 U.S.C. § 10;[1] and

**WHEREAS** on March 31, 2022, the Supreme Court issued *Badgerow v. Walters*, 596 U.S. 1 (2022), which drew a distinction, for purposes of subject matter jurisdiction, between petitions that seek to compel arbitration under Section 4 of the FAA versus those that seek to confirm or vacate an arbitration award under Sections 9 or 10 of the FAA; and

**WHEREAS** *Badgerow* held that, to determine whether federal subject matter jurisdiction exists over a petition to confirm or vacate an arbitral award—unlike a petition to compel arbitration—a court may not "look through" to the underlying controversy to find whether the dispute arises from a federal question; rather, "a court may look only to the application actually submitted to it in assessing its jurisdiction," *Badgerow*, 596 U.S. at 5; and

**WHEREAS** *Badgerow* further specified that a federal court has subject matter jurisdiction only if the "face of the application [to confirm or vacate] itself . . . shows that the contending parties are citizens of different States (with over $75,000 in dispute) . . . [o]r if it alleges that federal law (beyond Section 9 or 10 itself) entitles the applicant to relief," *Badgerow*, 596 U.S. at 9; *see e.g.*, *Wallenberg v. PJUT, LLC*, No. 23-0045, 2023 WL 8654162, at *2 (D. Utah Dec. 14, 2023)

---

[1] The Court construes Defendant's "request for reconsideration" (D.E. No. 17) as a motion to reconsider the September 11, 2024 Letter Order adopting Magistrate Judge Jessica S. Allen's Report and Recommendation granting Plaintiff's motion to strike. (D.E. No. 15). However, the Court will defer ruling on Defendant's motion for reconsideration pending the parties' responses to the jurisdictional issues raised herein.

("[I]t is immaterial whether the arbitrated dispute arose from a federal cause of action or a state cause of action; unless there is a wholly independent basis for jurisdiction, the application to confirm or vacate the arbitration award belongs in state court."); and

**WHEREAS** it appears Plaintiff's purported basis for subject matter jurisdiction—i.e., federal question jurisdiction under 28 U.S.C. § 1331 based on alleged violations of the Fair Credit Reporting Act and the Truth in Lending Act in the underlying proceedings—would force the Court to "look through" to the parties' underlying dispute and run afoul of *Badgerow*, *see Reineri v. Int'l Bus. Machs. Corp.*, No. 21-8654, 2022 WL 2316622, at *3 (S.D.N.Y. June 28, 2022) ("[A]lthough the underlying controversy between Reineri and IBM presented a federal question within the meaning of 28 U.S.C. § 1331 – whether IBM violated the ADEA – Reineri's petition in this Court does not."); and

**WHEREAS** although the parties appear diverse, the amount in controversy, $3,200, remains well below an amount that exceeds $75,000 sufficient to establish diversity jurisdiction, *see* 28 U.S.C. § 1332; and

**WHEREAS** the petition (D.E. No. 1) does not appear to raise any other claims for relief that would present an independent basis for this Court's jurisdiction; and

**WHEREAS** the Court recognizes that it has an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation, *see Adamczewski v. Emerson Elec. Co.*, No. 10-4862, 2011 WL 1045162, at *1 (D.N.J. Mar. 22, 2011); *see also Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'" (quoting *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554

F.2d 1254, 1256 (3d Cir. 1977))); and

**WHEREAS** upon finding good cause for the issuance of this Order to Show Cause,

**IT IS** on this 3rd day of December 2024,

**ORDERED** that on or before **January 17, 2025**, Plaintiff shall file a response to this Order to Show Cause establishing why the petition (D.E. No. 1) should not be dismissed for lack of subject matter jurisdiction; and it is further

**ORDERED** that Defendant shall file a responsive brief, if any, on or before **January 31, 2025**; and it is further

**ORDERED** that to the extent Plaintiff believes that this Court does not have subject matter jurisdiction, it shall file a proposed order of dismissal for the Court's consideration; and it is further

**ORDERED** that the Clerk of Court shall administratively **TERMINATE** the parties' motions filed at Docket Entry Numbers 9, 11, and 17 for case management purposes only, pending the parties' responses to this Order to Show Cause; and it is further

**ORDERED** that the Clerk of Court shall mail a copy of this Order to Show Cause to Defendant by regular U.S. Mail at both the address on file for Defendant and P.O. Box 122, West Orange, New Jersey 07052 (*see* D.E. No. 17 at 2 (providing "Defendant's new address"));[2] and it is further

**ORDERED** that Plaintiff shall serve its response to the Court's Order to Show Cause on Defendant at both Defendant's address listed on the docket and "Defendant's new [mailing] address" recited herein as reflected in Docket Entry Number 17, in accordance with the applicable federal and local rules.

---

[2] Defendant is reminded of her obligation to formally notify this Court of any change in address pursuant to Local Civil Rule 10.1(a). *See* L. Civ. R. 10.1(a) ("[U]nrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk.").

5

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**
